UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN M. WALKER, : | |
| : | |
| Plaintiff, : | Civil No. 09-0036 (RBK) |
| : | |
| v. : | |
| : | **MEMORANDUM AND ORDER** |
| CUMBERLAND COUNTY JAIL : | (CLOSED) |
| MEDICAL DEPARTMENT, : | |
| : | |
| Defendant. : | |
| : | |

IT APPEARS THAT:

1. Plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983. He names as the sole defendant "Cumberland County Jail Medical Department." Plaintiff asserts facts indicating that in October and December 2008, he was denied medical and dental care while housed at the Cumberland County Jail. (Complt., ¶ 4). Plaintiff asks for monetary and other relief.

2. Plaintiff's case was administratively terminated on March 11, 2009, for failure to submit a complete in forma pauperis ("IFP") application or the filing fee. On March 23, 2009, Plaintiff submitted a complete IFP application, and this Court has reopened the case.

3. The Court has considered Plaintiff's application to proceed in forma pauperis and file the complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. The Court has also screened the complaint to determine whether dismissal is warranted

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  It appears that Plaintiff's complaint should proceed past the sua sponte screening stage.  See Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004); Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  However, Plaintiff has not named a defendant who can be served with the complaint.

4.   If Plaintiff does not know the exact identity of the proper defendants who were personally involved in the alleged violations against him, he may plead "John Doe" and/or "Jane Doe" as defendants.  Courts within this circuit have permitted "fictitious-defendant pleading."  See Rolax v. Whitman, 175 F. Supp.2d 720, 728 (D.N.J. 2001)(citing Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998))(other citations omitted), aff'd, 53 Fed. Appx. 635 (3d Cir. 2002).  The use of fictitious defendants is permitted until the plaintiff has had an opportunity to conduct discovery.  See White v. Fauver, 19 F. Supp.2d 305, 312 n.8 (D.N.J. 1998).  However, "fictitious parties must eventually be dismissed, if discovery yields no identities."  Hindes v. F.D.I.C., 137 F.3d 148, 155 (3d Cir. 1998).  Furthermore, obviously, fictitious parties cannot be served.  Plaintiff must attempt to name one person who can be served with his complaint, and then through the course of discovery, determine identities of John/Jane Doe defendants.

THEREFORE,

It is on this   1st   day of    August   , 2009,

ORDERED that Plaintiff may proceed in forma pauperis without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

ORDERED that the Clerk of the Court is directed to file the Complaint in the above-captioned action; and it is further

ORDERED that Plaintiff's complaint is hereby dismissed, without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that the Clerk of the Court shall close this case; and it is further

ORDERED that, within 45 days from the date this Order is entered, Plaintiff may move to reopen his case, attaching to any such motion a proposed amended complaint which addresses the deficiencies of the complaint, and names defendants, as stated in this Order.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge